UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GAYLE PARTAIN-HARTIGAN

                      Plaintiff,

    -against-                                      8:06-CV-00784 (LEK/DRH)

GRANDFREIGHT GLOBAL, LLC a New
Jersey Limited Liability Company and
JOSEPH YUGI

                      Defendants.

**DECISION AND ORDER**

        Plaintiff Gayle Partain-Hartigan commenced the present action on June 23, 2006.  Compl. (Dkt. No. 1).  Plaintiff, a citizen of New York State, alleges that Defendant Joseph Yugi ("Yugi"), a citizen of Texas, negligently drove a tractor-trailer on Interstate 87 and caused Plaintiff to collide with that tractor-trailer.  Compl. ¶¶ 3-5.  Plaintiff also sues Yugi's employer, Defendant Grandfreight Global, LLC, a New Jersey Limited Liability Company with a principal place of business in New Jersey, which owns the tractor-trailer.  Compl. ¶¶ 2, 4.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on the parties' diversity and amount in controversy.  Presently before the Court is Defendants' Motion seeking summary judgment and dismissal of Plaintiff's Complaint.  Defs.' Mot. for Summ. J. (Dkt. No. 36).  For the reasons discussed below, Defendants' Motion is denied.

**I.      BACKGROUND**

        On September 21, 2005, Plaintiff Gayle Partain-Hartigan ("Plaintiff") and Defendant Joseph Yugi ("Defendant") were driving on Interstate 87 south of Plattsburgh, New York.  Compl. ¶ 3.

Defendant was operating a tractor-trailer owned by Defendant Grandfreight Global, LLC. Compl. ¶ 5. Plaintiff was driving a 1999 Oldsmobile Achieva at approximately 64 miles per hour and following Defendant in the right-hand lane traveling southbound between exits 36 and 37. Pl. Dep. (Dkt. No. 35-5, Ex. C) at 15, 19, 25, 26. While operating her vehicle, Plaintiff rear-ended Defendant. Id. at 28. The above facts concerning the sequence of events prior to the accident are not disputed. See Dkt. Nos. 35-1, 38-2.

In her deposition, Plaintiff states that she was approximately five car lengths behind Defendant when she noticed that he had stopped on the highway. Id. at 26, 28. She did not observe the truck's brake lights and slammed on her brakes when she became aware he had stopped. Id. at 28-29.

William Burch, who was stopped in the median on Interstate 87 near the location of the collision, gave testimony that he saw the tractor-trailer drive past him immediately before the accident. Burch Dep. (Dkt. No. 35-14, Ex. F) at 7, 11. Burch was unable to recall the events surrounding the accident during his deposition, though he does remember thinking that the tractor-trailer was moving slower than the other traffic. See id. 11-14, 17. Burch had previously given statements to the police and the Town Court of Peru. Police Accident Report (Dkt. No. 35-19) at 2; Burch V.S. (Dkt. No. 38-3) at 1. Burch stated that he saw Defendant's tractor-trailer traveling at a slow speed, approximately 30 to 35 miles, without flashing lights. Burch V.S. at 1. After the accident, Burch asked Defendant why he had been operating his tractor-trailer at a slow speed. Id. at 1.

Cherie Hicks, who was following Plaintiff on the highway, gave testimony that Plaintiff was following Defendant by approximately one or two car lengths. Hicks Dep. (Dkt. No. 35-16) at 10.

Hicks states that the truck "just stopped all of a sudden and then she [Plaintiff] just ran into it." Id. at 11. Hicks does not recall seeing Defendant's brake lights and had to swerve into the left-hand lane quickly in order to avoid the collision. Id. at 12.

Defendant gave deposition testimony that he was traveling at 55 miles per hour when he heard a loud noise come from behind his truck. Yugi Dep. (Dkt. No. 35-10, Ex. D) at 23-24. Defendant states that after he heard the loud noise, his engine cut off and his truck came to a stop. Id. at 25. Defendant seems to suggest that there was a mechanism in his tractor-trailer triggered by Plaintiff colliding with his two rear tires that engaged the engine brakes and stopped the truck immediately. Id. at 25-27. However, Defendant's construction of the events surrounding the accident is not entirely clear from his testimony.

A Police Accident Report completed at the scene documents a rear-end collision. Police Accident Report (Dkt. No. 35-19, Ex. K). Both Plaintiff and Defendant were issued tickets concerning the accident. Plaintiff was issued a ticket for violating Vehicle and Traffic Law § 1129 having followed Defendant's tractor-trailer too closely. Certificate of Disposition (Dkt. No. 35-18, Ex. J) at 3. In his testimony, Defendant stated that he was issued a ticket for driving slowly, which he paid in full. Yugi Dep. at 36. However, Defendant's only ticket on record is for having a false log book. Certificate of Disposition (Dkt. No. 39-2) at 1. Additionally, this ticket is for a violation occurring on September 14, 2005, not the date of the accident. Id. at 1.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

3

FED. R. CIV. P. 56(c)(2).  The moving party bears the initial burden of identifying the portions of the record that demonstrate an absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In response, the nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001).  The nonmovant "may not rely merely on allegations or denials in its own pleadings" to overcome a motion for summary judgement.  FED. R. CIV. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

In considering the motion, the Court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 572 (2d Cir. 1993).  The Court may grant summary judgment only when "no reasonable trier of fact could find in favor of the nonmoving party." Lund's, Inc. v. Chem. Bank, 870 F.2d 840, 844 (2d Cir. 1989).  It is not the Court's role to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**II.   DISCUSSION**

Plaintiff's Complaint seeks to recover damages for personal injuries, alleging that Defendant breached a duty to exercise due care in operating his tractor-trailer.  Compl. ¶ 6.  Plaintiff alleges that Defendant drove in a negligent, careless, and/or reckless manner in violation of state common law and statutory law, and this negligence was the proximate cause of the collision.  Compl. ¶ 6.

There is a "prima facie case of liability with respect to the operator of the rearmost vehicle" in a rear-end collision with a stopped vehicle.  See Gaeta v. Carter, 775 N.Y.S.2d 86, 87 (2d Dep't

2004); see also Chepel v. Meyers, 762 N.Y.S.2d 95, 96 (2d Dep't 2003) ("when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle"). A burden is imposed on the driver of the rearmost vehicle to rebut the presumption of liability with a non-negligent explanation. See Rodriguez-Johnson v. Hunt, 718 N.Y.S.2d 501, 502 (3d Dep't 2001).

The "sudden and abrupt stop of the vehicle ahead is sufficient to overcome the inference of negligence and preclude an award of summary judgment." Id. at 502. This is especially true when there is no "evidence that anything other than the abrupt stop caused the collision, or the sudden stop was unexplained or was undertaken without proper signaling." Forget v. Smith, 835 N.Y.S.2d 490, 492 (3d Dep't 2007); see also Jones v. Egan, 676 N.Y.S.2d 305, 307 (3d Dep't 1998) (finding that deposition testimony stating that front vehicle stopped suddenly as it approached a UPS truck was sufficient to overcome the presumption of negligence and preclude an award of summary judgement); Gaeta, 775 N.Y.S.2d at 87 (finding evidence of frontmost driver stopping his car in traffic to make a right-hand turn from the left-hand lane without signaling allowed the rearmost driver to overcome the presumption of negligence); N.Y. VEH. & TRAF. LAW § 1163 (Consol. 2010) ("No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal").

Here, Plaintiff has established that an issue of material fact exists as to whether Defendant abruptly stopped or was stopping while traveling along the highway, which necessarily precludes granting summary judgment. Gaeta, 775 N.Y.S.2d at 87. Similar to the facts of Jones, 676

N.Y.S.2d at 307, two witnesses gave deposition testimony that Defendant was either traveling slowly or stopping suddenly on the highway.  Furthermore, Defendant does not provide an explanation as to why a sudden stop may have been necessary or required.  Instead, Defendant denies any slow driving or sudden stopping.

It is not the Court's role in considering summary judgment to decide between two conflicting series of events or determine the credibility of witnesses.  See Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996); see also Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).  Defendant's Motion (Dkt. No. 36) must, therefore, be denied.

### III.    CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Defendants' Motion (Dkt. No. 36) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    July 26, 2010
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

6